UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ANITA MARC, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:26-cv-00031-TWP-KMB |
| | ) |
| SAM OLSON, | ) |
| KRISTI NOEM, | ) |
| PAMELA BONDI, | ) |
| SCOTT A. MAPLES, JR., | ) |
| | ) |
| Respondents. | ) |

**ORDER DENYING IN PART PETITION FOR HABEAS CORPUS
AND DIRECTING FURTHER ACTIONS**

This matter is before the Court on Petitioner Anita Marc's ("Marc") Petition for Writ of Habeas Corpus. (Dkt. 1). Marc is detained at the Clark County Jail in Jeffersonville, Indiana, under the authority of U.S. Immigration and Customs Enforcement ("ICE"). She filed her writ of habeas corpus petition under 28 U.S.C. § 2241 seeking immediate release from custody. *Id*. Marc argues that ICE unlawfully revoked her humanitarian parole by re-detaining her without notice and an opportunity to be heard. *Id.* Respondents argue that Marc's humanitarian parole expired, that they have lawfully detained her pursuant to 8 U.S.C. § 1225(b)(2)(A),[1] and that her detention does not offend due process. (Dkt. 6). As explained below, the Court finds that the record does not show that Marc's humanitarian parole was unlawfully revoked, and it **DENIES IN PART** her habeas petition. Before deciding whether Marc's re-detention violates the Due Process Clause, the Court orders Marc to submit supplemental briefing on the issue as described below.

---

[1] Marc does not appear to contest that her detention is governed by this provision. Marc may clarify her position in the supplemental briefs if necessary.

1

## I. BACKGROUND

All facts are undisputed unless noted.

Marc is a citizen of Haiti who entered the United States through its territorial border with Mexico in or around June of 2024. (Dkt. 1-2). On June 29, 2024, Marc applied for admission into the United States at the Brownsville, Texas port-of-entry. *Id*. Because Marc did not have valid documentation in violation of § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), immigration officials detained her and placed her in full removal proceedings by issuing a Notice to Appear. (Dkt. 6-2). The Notice designated Marc as an "arriving alien." *Id.* Marc claims that she was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A)'s provision for humanitarian parole. (Dkt. 1 ¶¶ 27, 18–19). However, there is no documentation of humanitarian parole. It appears that immigration officers issued an I-94 Form, which is a record of departure/arrival that may designate humanitarian parole if it is stamped accordingly. (Dkt. 6-4). Because neither party produced the actual I-94 given to Marc on June 29, 2024, there is nothing to show that Marc was admitted as a humanitarian parolee. In any case, the Form I-94 expired on April 18, 2025. *Id.* (showing "Admit until Date: 2025 April 18").

At some point, Marc applied for asylum and withholding of removal (Form I-589). (Dkt. 1-3). On August 4, 2025, Marc obtained work authorization, which is valid through August 3, 2030. (Dkt. 6-1 at 2).

On October 6, 2025, local police officers in Evansville, Indiana arrested Marc on a pending charge of intimidation. (Dkt. 1 ¶ 28). On October 10, 2025, the Jackson County Sheriff's Department released Marc on her own recognizance in her criminal case, and turned her over to ICE's custody. *Id.* An ICE officer served Marc with a Form 1-200 Warrant of Arrest for interior enforcement issued "pursuant to sections 236 [i.e., 8 U.S.C. § 1226] and 287 of the [INA]." (Dkt.

6-3). Since that time, Marc remains detained at the Clark County Jail. There is no record that Marc has moved for a custody re-determination hearing.

## II.     DISCUSSION

Marc claims that her current detention violates the INA and the Administrative Procedure Act ("APA") (Count I) and the Due Process Clause of the Fifth Amendment (Count II). (Dkt. 1 ¶¶ 30–36). Respondents argue that Marc is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A) and that her detention is constitutionally sound. (Dkt. 6).

### A.  Revocation of Humanitarian Parole

Title 8 U.S.C. § 1182(d)(5)(A) provides that the Attorney General may "in [her] discretion parole into the United States temporarily under such conditions as [s]he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States." 8 U.S.C. § 1182(d)(5)(A). Parole is "not [to] be regarded as an admission of the alien[.]" *Id.* "[W]hen the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which [s]he was paroled and thereafter [her] case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.*

Contrary to Marc's representation, according to 8 C.F.R. § 212.5(e)(1)(ii), "parole shall be automatically terminated *without written notice* . . . at the expiration of the time for which parole was authorized[.]" (emphasis added). At this point, the alien "shall be restored to the status that he or she had at the time of parole." §§ 212.5(e)(2)(i). Moreover, "[a]ny further inspection or hearing shall be conducted under section 235 or 240 of the Act and this chapter, or any order of exclusion, deportation, or removal previously entered shall be executed. If the exclusion, deportation, or

3

removal order cannot be executed within a reasonable time, the alien shall again be released on parole unless . . . the public interest requires that the alien be continued in custody." *Id.*

Here, there is no record that Marc was granted humanitarian parole. Moreover, the record of Marc's Form I-94 reveals that any status that she was granted expired on April 18, 2025. (Dkt. 6-4). As seen above, 8 C.F.R. § 212.5(e)(1)(ii) provides that humanitarian parole is "automatically terminated" when it expires and that no written notice is required. Thus, even if Marc was granted humanitarian parole, it terminated automatically on April 18, 2025, and regulations do not appear to require notice, individualized determination, or hearing.

Marc's reply implies that her pending application for asylum functions as a kind of parole. (*See* Dkt. 7 at 4) ("Petitioner filed a Form I-589 Application for Asylum and Withholding Removal, which remains pending. Thus, when Petitioner was recently arrested and detained, Petitioner was still seeking asylum. There is nothing to suggest that the humanitarian reason or public benefit that justified Petitioner's parole no longer applies.") (citations omitted). But Marc does not provide any legal or factual basis for this implication.

Marc also argues "[t]here is no indication that Respondents followed the applicable statutory and regulatory requirements to revoke [her] parole." *Id.* at 5. Marc does not address the fact that the record shows that her parole expired and that the same regulations she cites as requiring written notice plainly state that written notice is not required when parole terminates automatically through expiration. Because Marc does not provide any provide any proof of her humanitarian parole or that it was improperly revoked, her habeas petition is **denied** on this basis.

### B. The Due Process Clause of the Fifth Amendment

Marc next argues that her re-detention without prior notice and a hearing violates the Due Process Clause of the Fifth Amendment. (Dkt. 1 ¶¶ 32–36). Respondents assert that Marc's

4

detention comports with due process because it has not yet exceeded the presumptively reasonable threshold outlined in *Zadvydas v. Davis* since she has only been detained since October 10, 2025. 533 U.S. 678, 701 (2001) (holding post-removal that Government cannot detain an alien "indefinitely," limiting "post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States" and finding a detention period of six months is "presumptively reasonable"). Moreover, the United States Supreme Court has found that detention during immigration removal proceedings is "a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003).

Marc replied that *Demore* upheld the mandatory detention provision in § 1226(c) as facially constitutional and thus, does not necessarily entail that detentions during removal proceedings are constitutional in all circumstances. (Dkt. 7 at 6). She also argues that, even if the government has broad discretion to revoke release or parole, it must still make an individualized determination that detention without bond is necessary. *Id.* at 7. However, Marc does not cite any binding authority for these propositions.

For example, Marc's petition and reply do not explain what she believes to be unconstitutional about her re-detention. Does her re-detention without a pre-deprivation hearing violate the Due Process Clause? Does her re-detention under the mandatory detention provision of § 1225(b)(2)(A)—which does not entitle her to a bond hearing—violate the Due Process Clause and/or the INA? Or, since *Demore* does uphold a mandatory detention provision, what circumstances make her re-detention unconstitutional as applied?

So that the Court may make an informed decision on the remaining issues, **Marc is ORDERED,** by **February 27, 2026**, to submit a supplementary brief clarifying her constitutional and/or statutory challenge to her detention, if a factual and legal support for the challenge exists.

Thereafter, Respondents will have **seven days to file a reply brief.** If nothing is filed by the deadline, Marc's Petition for relief under due process will be denied.

### III.    CONCLUSION

For the reasons explained in this Order, the Petition for Writ Of Habeas Corpus, Dkt. [1], is **DENIED in part** and **TAKEN UNDER ADVISEMENT in part**. The Petition is **denied** on the argument that Respondents violated the APA and the INA by revoking Marc's parole. The Petition remains **under advisement** on Marc's due process claims. **By February 27, 2026,** Marc shall submit a supplementary brief clarifying her constitutional and/or statutory challenge to her current detention. Respondents will have **seven days** to reply. If nothing is filed by the deadline, Marc's Petition for relief under the due process clause of the Fifth Amendment will also be denied.

**IT IS SO ORDERED.**

Dated: 2/23/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Alush Kola
Law Offices of Al Kola
alkolalaw@yahoo.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov