**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| ANITA MARC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00031-TWP-KMB |
| | ) | |
| SAM OLSON, | ) | |
| KRISTI NOEM, | ) | |
| PAMELA BONDI, | ) | |
| SCOTT A. MAPLES, JR., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Petitioner Anita Marc's ("Marc") Petition for Writ of Habeas Corpus (Dkt. 1). Marc is detained at the Clark County Jail in Jeffersonville, Indiana, under the authority of U.S. Immigration and Customs Enforcement ("ICE"). She filed this writ of habeas corpus petition under 28 U.S.C. § 2241 seeking immediate release from custody as well as an order requiring the respondents to provide notice and a hearing before re-detaining her. *Id*. at 7. Marc argues that her current detention violates the Immigration and Nationality Act ("INA"), the Administrative Procedure Act ("APA"), and the Fifth Amendment of the Constitution. *Id*. at ¶¶ 30–36. The Respondents argue that Marc is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A). For the reasons explained below, the Court **DENIES** Marc's petition for writ of habeas corpus.

### I.    BACKGROUND

#### A.  Factual Background

The Court assumes familiarity with the facts in this case based on its previous order. *See* (Dkt. 10). In brief, Marc is a Haitian national who entered the United States in June 2024. (Dkt. 1-2). When Marc applied for admission at the port of entry in Brownsville, Texas, federal

1

immigration officials detained her and placed her in removal proceedings, finding that she did not have valid documentation. (Dkt. 6-2). Marc claims that she was then paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A)'s provision for humanitarian parole. (Dkt. 1 ¶¶ 27, 18–19). But there is no documentation of parole. Rather, it appears that immigration officers issued an I-94 Form with class of admission "DT" on June 29, 2024. (Dkt. 6-4; Dkt. 11). The I-94 is a record of departure/arrival that may designate humanitarian parole if it is stamped accordingly. (Dkt. 6-4). The Form I-94 expired on April 18, 2025. *Id.* (showing "Admit until Date: 2025 April 18").

In October 2025, Marc was arrested by local police officers for an unrelated pending charge of intimidation and then transferred to ICE custody. (Dkt. 1 at 7, ¶ 28). Since then, Marc has been detained at Clark County Jail.

### B. Procedural Background

The Respondents argue that Marc is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A) and her detention does not offend due process because it is not prolonged and she is being provided the opportunity to oppose her removal proceedings in immigration court. (Dkt. 6). The Court previously denied in part Marc's petition because the record did not show that Respondents violated the APA or the INA in "revoking" Marc's parole since it had already expired in April 2025, before she was arrested in October. (Dkt. 10). The Court took Marc's constitutional challenge under advisement and ordered her to supplement her petition by clarifying her constitutional and/or statutory challenges to her current detention. *Id.* Marc filed a supplemental brief, to which the Respondents replied. (Dkts. 11, 12). The motion is now ripe for review.

## II.   <u>DISCUSSION</u>

As the respondents point out, Marc's supplemental brief repeats many of the same arguments about the unlawful "revocation" of her parole that the Court previously rejected. In

terms of due process, Marc essentially argues that, because she had once been released on parole, she has a liberty interest in remaining free. (Dkt. 11 at 2–3). Therefore, she contends she was entitled to a pre-deprivation hearing before being re-arrested and detained in October 2025. Marc explains this position by citing non-binding precedent and binding, but inapposite, cases that broadly stand for the proposition that noncitizens are entitled to due process of law in deportation *proceedings*. *See, e.g.*, *Reno v. Flores*, 507 U.S. 292, 306 (1993); *Yamataya v. Fisher*, 189 U.S. 86, 101 (1903) ("Therefore, it is not competent for the Secretary of the Treasury . . .  arbitrarily to cause an alien who has entered the country, and has become subject in all respects to its jurisdiction, and a part of its population, although alleged to be illegally here, to be taken into custody and deported without giving him all opportunity to be heard upon the questions involving his right to be and remain in the United States."). Marc's deportation *proceeding*, however, is not an issue before the Court.[1] The issue before the Court in this habeas petition is whether Marc's current detention violates the Due Process Clause.[2]

Marc also cites caselaw related to the liberty interest of people *on* parole to support her claims. *See, e.g., Morrissey v. Brewer*, 408 U.S. 471, 482–83 (1972) (holding that minimal due process requirements for parole revocation include a preliminary hearing to determine probable cause and a revocation hearing). Again, this is not an issue before the Court because Marc's parole

---

[1] This is why Marc's citation to *Mark the Road New York v. Noem*, 805 F.Supp.3d 139, 158 (D.D.C. 2025) is not persuasive. In *Mark the Road*, the court held that the plaintiff was likely to succeed on its motion to stay challenging the "2025 Designation," which directed DHS to apply the expedited removal provision in 8 U.S.C. § 1225(b)(1) to unadmitted migrants regardless of whether they were "arriving" at a port-of-entry. The court reasoned that, "[a]lthough certain constitutional protections do not extend to noncitizens 'outside of our geographic borders,' once a noncitizen 'enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.'" *Id.* (quoting *Zadvydas v. Davis*, 533 U.S. 678, 691 (2001)). Here, however, the kind of deportation proceeding is not at issue.

[2] Marc does not appear to contest the respondents' argument that she is detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Therefore, the Court does not address the statutory authority governing Marc's detention.

expired six months before she was re-arrested and the regulation explicitly denies the entitlement to written notice upon expiration.

Similarly, Marc's citation to *Pinchi v. Noem*, 2025 WL 2084921, at *4 (N.D. Cal. July 24, 2025) is not persuasive because the petitioner's circumstances in *Pinchi* were more akin to a parolee. In *Pinchi*, the Northern District of California determined that the petitioner was likely to proceed on the merits of her claim that the Due Process Clause entitled her to a hearing before being re-detained by ICE agents for the purposes of subjecting her to expedited removal after she had been released on her own recognizance two years earlier. *Id.* at 2. In contrast to Marc, Pinchi was released on an order of recognizance that did not appear to have expired.

Marc also cites caselaw supporting the proposition that the Due Process Clause prohibits indefinite detention. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) (interpreting 8 U.S.C. § 1231 as implicitly authorizing detention only to the point when "removal is no longer reasonably foreseeable."). However, Marc has made absolutely no effort to provide evidence or argument that would make *Zadvydas* applicable to this case.[3] She does not claim that her detention is prolonged

---

[3] Many courts have found that *Zadvydas's* implicit limit on civil detention is applicable to detention while a noncitizen's case is pending even under mandatory detention statutes such as 8 U.S.C. § 1225. *See, e.g.*, *JOPG v. Warden*, No. 1:25-CV-01751-KES-SKO (HC), 2026 WL 477994, at *3 (E.D. Cal. Feb. 20, 2026) ("This Court and '[n]early all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process.'" (quoting *Maliwat v. Scott*, 2025 WL 2256711, at *3 (W.D. Wash. Aug. 7, 2025)); *Rashid v. Trump*, 807 F. Supp. 3d 349, 363 (D. Vt. 2025) ("Unreasonably Prolonged Detention Under § 1225(b) Violates Due Process"); *Mbalivoto v. Holt*, 527 F. Supp. 3d 838, 848 (E.D. Va. 2020) ("[S]ome constitutionally adequate process must be provided; and the Court concludes, based on *Zadvydas*, *Demore*, and *Thuraissigiam*, that Petitioner is not foreclosed from the relief he seeks with respect to his detention either because he is an entering alien, as opposed to an entered alien, or because there remains a discernable statutory purpose for his detention."); *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019) ("[N]umerous federal district courts have provided bond hearings to arriving noncitizens in prolonged detention in the wake of *Jennings*."); *Bermudez Paiz v. Decker*, No. 18CV4759GHWBCM, 2018 WL 6928794, at *10 (S.D.N.Y. Dec. 27, 2018) ("Most judges who have squarely faced the question have applied the same logic to § 1225(b), holding that arriving aliens, like criminal aliens, cannot be detained for an unreasonably prolonged period of time without a bond hearing.").

because removal or resolution is not foreseeable.[4] Furthermore, because Marc has not been detained past *Zadvydas*'s presumably reasonable period of six-months, the Court cannot draw that inference based on the facts in the record.

Last, Marc cites *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976) in arguing that her interest in being free from restraint outweighs the government's interest in detaining her, especially when it previously released her. (Dkt. 11 at 4). But Marc does not clearly explain why *Mathews* applies or how it leads to her specific request for a *pre*-deprivation hearing. Furthermore, in discussing the balance of private and government interests, Marc makes no effort to address binding Supreme Court and Seventh Circuit precedent upholding similar mandatory detention provisions because the government has an interest in ensuring that noncitizens appear for removal proceedings. *See Demore v. Kim*, 538 U.S. 510, 511 (2003) (distinguishing *Zadvydas* and holding that 8 U.S.C. § 1226(c) did not violate the Due Process Clause since "Congress, justifiably concerned that deportable criminal aliens who were not detained would continue to engage in crime and would fail to appear for their removal hearings in large numbers, could require that such aliens be detained for brief period necessary for their removal proceedings, without providing individualized determination as to whether aliens presented flight risks[.]"); *see also Parra v. Perryman*, 172 F.3d 954, 958 (7th Cir. 1999).

The Court cannot make these arguments for Marc. *See DHS v. Thuraissigiam*, 591 U.S. 103, 127 (2020) ("we rely on the parties to frame the issues for decision and assign to courts the

---

[4] 8 C.F.R. § 212.5(e)(2)(i) contains similar language to *Zadvydas*: "[a]ny further inspection or hearing shall be conducted under section 235 or 240 of the Act and this chapter, or any order of exclusion, deportation, or removal previously entered shall be executed. *If the exclusion, deportation, or removal order cannot be executed within a reasonable time, the alien shall again be released on parole unless* . . . the public interest requires that the alien be continued in custody." (emphasis added).

role of neutral arbiter of matters the parties present." (*quoting United States v. Sineneng-Smith,* 140 S. Ct. 1575, 1579 (2020)).

In sum, Marc's amorphous arguments about having a general right to freedom from restraint do not suffice to show that she is entitled to immediate release and a pre-deprivation hearing upon any future re-detention. Marc has not demonstrated that her detention is indefinite or unreasonably prolonged. *See Zadvydas,* 533 U.S. at 699. Furthermore, she has not sufficiently shown that her abstract interest in freedom outweighs the Supreme Court's recognition that the government has an interest in detaining noncitizens during removal proceedings. S*ee Demore*, 538 U.S. at 523 ("[T]his Court has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process."); *Carlson v. Landon*, 342 U.S. 524, 538 (1952) ("Detention is necessarily a part of [the] deportation procedure"). For this reason, Marc's Petition for Writ of Habeas Corpus, Dkt. [1] is **DENIED** and this action is **dismissed with prejudice.**

The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Date: 3/17/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Alush Kola
Law Offices of Al Kola
alkolalaw@yahoo.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov

6